UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EDWARD COLEN, #604910,

        Plaintiff,

                                CASE NO. 2:14-CV-12948

v.                               HONORABLE PAUL D. BORMAN

CORIZON MEDICAL SERVICES, et al.,

        Defendants.

_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL AND DIRECTING PLAINTIFF TO PROVIDE SERVICE COPIES

### I. INTRODUCTION

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner James Edward Colen ("Plaintiff"), confined at the Gus Harrison Correctional Facility in Adrian, Michigan, alleges that he was, and is, being denied timely and proper medical care for a broken foot, knee and joint problems, arthritis, and related pain. He also alleges that his grievances concerning his medical condition are not being properly handled. Plaintiff names Corizon Medical Services, Doctors Prasad, Michael A. Henderson, Brady, Suclhir and Martin, Physician Assistants Rosilyn Jindal and Alford, Nurses A. Rogers, Lynn Van Ausdale, Victor J. Kaczmer, Ellenwood, Lori L. Kopka, Mary Velarde, Sharon Paratchek, Tammy Rothhaar, C. Mangus, Kimmy, S. Laughhunn, and Subrina Aiken, Assistant Deputy Wardens S. Campbell and L. McRoberts,

Administrative Assistant Virgil Webb, Grievance Coordinator Eaton, Grievance Manager Richard D. Russell, Warden Paul D. Klee, and John Does as defendants.  He sues the defendants in their individual and official capacities and seeks compensatory and punitive damages, as well as other appropriate relief.  Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this action.  *See* 28 U.S.C. § 1915(a)(1).

## II. DISCUSSION

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  While this notice pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions.  *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it

determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that portions of the complaint are subject to summary dismissal.

The claims against defendants Corizon Medical Services, Henderson, Kopka, Paratchek, Rothhaar, Mangus, Laughmann, Aiken, Campbell, McRoberts, Webb, Eaton, Russell, and Klee must be dismissed. Plaintiff has failed to allege facts demonstrating the personal involvement of those defendants in the alleged delay and/or denial of proper medical care. It is well-settled that a civil rights plaintiff must allege the personal

3

involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior* or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so with respect to the aforementioned defendants. Any assertion that those defendants failed to supervise an employee, should be vicariously liable for another employee's conduct, erred in denying complaints, and/or did not sufficiently respond to the situation is insufficient to state a claim under § 1983. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Plaintiff also has not alleged facts showing that any injury he suffered is the result of any policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims).

Furthermore, to the extent that Plaintiff alleges a violation of his right to file a meaningful grievance for redress against the government and asserts that the aforementioned defendants failed to adequately respond to his concerns, his claims must be dismissed. The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. While a prisoner has a

First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances. *Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views."). Moreover, a prisoner does not have a constitutionally-protected interest in an inmate grievance procedure or the right to an effective procedure. *Walker v. Michigan Dep't of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases). To the extent that Plaintiff is dissatisfied with the investigation of his claims and the responses to his grievance, he fails to state a claim upon which relief may be granted. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003) (prisoner did not state a claim based upon failure to investigate grievance); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009) (adopting magistrate judge's report). The claims against defendants Corizon Medical Services, Henderson, Kopka, Paratchek, Rothhaar, Mangus, Laughmann, Aiken, Campbell, McRoberts, Webb, Eaton, Russell, and Klee must therefore be dismissed.

Plaintiff's claims for monetary damages against all of the defendants in their official capacities are subject to dismissal on the basis of immunity. The Eleventh Amendment bars civil rights actions against a state and its agencies and departments

5

unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The state of Michigan ... has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a state and its agencies. *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993). Eleventh Amendment immunity applies to state employees who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). Because the defendants are employees of the Michigan Department of Corrections and are sued in their official capacities for damages, they are entitled to Eleventh Amendment immunity. *See Johnson*, 357 F.3d at 545. Plaintiff's claims for monetary damages against the defendants in their official capacities must be dismissed.

Having reviewed the complaint and given the pleading standard for pro se actions, the Court finds that the claims for damages against defendants Prasad, Brady, Suclhir, Martin, Jindal, Alford, Rogers, Van Ausdale, Kaczmer, Ellenwood, Kopka, Velarde, Kimmy, and John Does in their individual capacities concerning the alleged delay and/or denial of medical care are not subject to summary dismissal at this juncture. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (ruling that "deliberate indifference to serious

medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment"). While Plaintiff may or may not ultimately prevail in this action, he has pled sufficient facts to state potential claims for relief. Service of the medical care claims upon the remaining defendants is therefore appropriate.

### III. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted against defendants Corizon Medical Services, Henderson, Kopka, Paratchek, Rothhaar, Mangus, Laughmann, Aiken, Campbell, McRoberts, Webb, Eaton, Russell, and Klee. Accordingly, the Court **DISMISSES WITH PREJUDICE** the claims against those defendants.

The Court also concludes that all of the defendants are entitled to Eleventh Amendment immunity on Plaintiff's claims for monetary damages against them in their official capacities. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's claims for monetary damages against all of the defendants in their official capacities.

The Court further concludes that the medical care claims against defendants Prasad, Brady, Suclhir, Martin, Jindal, Alford, Rogers, Van Ausdale, Kaczmer, Ellenwood, Kopka, Velarde, Kimmy, and John Does are not subject to summary dismissal. Accordingly, the Court **DIRECTS** Plaintiff to provide the Court with **14 copies** of the complaint within **30 days** of the filing date of this order so that service may be effectuated upon the remaining defendants. The Court shall provide Plaintiff with one

copy of the complaint to assist him.  That copy should be returned to the Court with the

additional copies.  Failure to comply with this order may result in dismissal of this action.

Lastly, the Court concludes that an appeal from this order cannot be taken in good

faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.


s/Paul D. Borman_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 18, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each
attorney or party of record herein by electronic means or first class U.S. mail on August
18, 2014.


s/Deborah Tofil_____
Case Manager