UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

JAMES COLEN #604910,

    Plaintiff,          Civil Action No.: 14-12948
                              Honorable Paul D. Borman
v.                            Magistrate Judge Elizabeth A. Stafford

CORIZON MEDICAL
SERVICES, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION TO DENY MDOC DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [R. 40]

Plaintiff James Colen, a Michigan Department of Corrections ("MDOC") inmate proceeding *pro se*, brings this case against a number of MDOC employees, medical contractor Corizon Medical Services, and several of its employees, for violations of his Eighth Amendment rights related to a denial of medical care. MDOC employee nurses Arlene Rogers, Deborah Ellenwood, Mary Velarde and Kimberly Korte[1] (the "MDOC Defendants") now move for summary judgment on Colen's claims, arguing that he has failed to exhaust his administrative remedies as to them, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e. [R. 40]. For the reasons stated below, the Court **RECOMMENDS** that the

---

[1] Colen refers to defendant Korte as "Kimmy" in his pleadings and briefs.

MDOC Defendants' motion for summary judgment **[R. 40]** be **DENIED**.

I. **BACKGROUND**

Colen's claims stem from medical care related to an injury he sustained in 2010, when he allegedly broke his foot playing basketball. When he was first evaluated by defendant Rogers, he was diagnosed with a sprain and given an ace bandage. [R. 13, PgID 82]. Over the next two and a half years, he continually kited various medical providers for assistance for increasing pain in his foot, swelling, and new pain in his knee, but he was told that his pain was either a sprain or simply arthritis and he was given minimal care. X-rays taken much later revealed knee deterioration requiring replacement, arthritis, and an old foot fracture that had not healed properly. [*Id.,* PgID 83-92]. Colen had knee replacement surgery in 2014, but continued to experience foot pain that remained untreated. [*Id.* 93-94].

Colen's amended complaint alleges that the MDOC Defendants' conduct violated his Eighth and Fourteenth Amendment rights, and constituted intentional infliction of emotional distress and gross negligence. [R. 13]. The MDOC Defendants now move for summary judgment, alleging that Colen failed to properly exhaust his administrative remedies. This Court disagrees.

## II. LEGAL STANDARD

The Prison Litigation Reform Act (PLRA) requires a prisoner bringing an action with respect to prison conditions to exhaust all "available" administrative remedies. 42 U.S.C. § 1997e(a). See *Jones v. Bock*, 549 U.S. 199, 218-20 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The PLRA requires "proper exhaustion"; untimely and procedurally defective administrative grievances or appeals are insufficient. *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006). Additionally, "proper exhaustion" is defined by the relevant prison's policies. *Jones*, 549 U.S. at 218.

In *Jones*, the Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Id.* at 216. Consequently, the defendant bears the burden of production and persuasion on the issue of exhaustion, and must present evidence that "is so powerful that no reasonable jury would be free to disbelieve it." *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012) (citations and internal quotation marks omitted).

### III. ANALYSIS

Colen filed five arguably relevant grievances between April and October 2013, but the Court will address only one because it is dispositive. In grievance ARF-13-09-2586-12d1, Colen addressed the entire medical history that gave rise to his amended complaint, stating, "I am continually being denied medical treatment for the injury sustained on my foot where I have broken bones and torn ligaments which have worsened over the last two years." [*Id.*, PgID 323]. He emphasized, "I have tried unsuccessfully to resolve my condition with the Health care staff, and the Adrian Administration. Nothing is being done to correct my foot, knee and leg, and I am in excruciating pain." [*Id.*]. He alleged that "Health Care and the Adrian Staff are being deliberately indifferent by purposefully ignoring my request [to see a specialist and receive injections] and ailment." [*Id.*]. MDOC resolved this grievance on its merits. [*Id.*, PgID 320-22]. In fact, MDOC informed Colen on January 31, 2014, that its denial of this Step III grievance represented an exhaustion of his administrative remedies. [*Id.,* PgID 320].

Nonetheless, the MDOC defendants now argue that grievance ARF-13-09-2586-12d1 was not properly exhausted because Colen did not specify the names of those involved, in violation of MDOC policy. [R. 40,

4

PgID 297]. But, that argument was rejected by the Sixth Circuit in *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010), because the state failed to follow its own procedural rule requiring the prisoner to name those involved, and instead decided the otherwise defaulted claims on the merits. "When prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits, so as a general rule will we." *Id.* at 325.

Since MDOC decided grievance ARF-13-09-2586-12d1 on its merits, in disregard for the requirement that he name all those involved, this Court should decide the merits of his claims, too.

## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the MDOC Defendants' motion for summary judgment **[R. 40]** be **DENIED**.


Dated: June 2, 2015         s/Elizabeth A. Stafford
Detroit, Michigan           ELIZABETH A. STAFFORD
                            United States Magistrate Judge


### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

    Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

6

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 2, 2015.

                                      s/Marlena Williams
                                      MARLENA WILLIAMS
                                      Case Manager