UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES COLEN #604910,

    Plaintiff,

v.

CORIZON MEDICAL
SERVICES, *et al.*,

    Defendants.
_____/

Case No. 14-cv-12948

Paul D. Borman
United States District Judge

Elizabeth A. Stafford
United States Magistrate Judge

OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S JUNE 2, 2015
REPORT AND RECOMMENDATION (ECF NO. 46),
(2) OVERRULING THE MDOC DEFENDANTS' OBJECTIONS (ECF NO. 47),
AND (3) DENYING THE MDOC DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (ECF NO. 40)

Plaintiff James Colen is currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan and claims in this action that he has been denied adequate medical care in violation of his Eighth and Fourteenth Amendment rights during his incarceration in the Michigan Department of Corrections ("MDOC"). Before the Court is the Magistrate Judge's June 2, 2015 Report and Recommendation to deny certain MDOC Defendants' motion for summary judgment. (ECF No. 46, Report and Recommendation.) The MDOC Defendants have filed Objections to the Report and Recommendation (ECF No. 47). Plaintiff filed a "reply" to Defendants' Objections. (ECF No. 61.) Having conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), of those parts of the Magistrate Judge's Report and Recommendation to which specific objections have been filed, the Court OVERRULES the MDOC Defendant's Objections, ADOPTS the Magistrate Judge's

1

Report and Recommendation, DENIES Defendants' Motion for Summary Judgment (ECF No. 40).

## I.  BACKGROUND

The factual background of this matter is set forth in the Magistrate Judge's Report and Recommendation and the Court adopts that summary here. (Report and Recommendation 1-2.) As particularly relevant for purposes of addressing the MDOC's Objections, Plaintiff sustained an injury to his foot in 2010 while incarcerated and alleges that he has suffered extensively as a result of the Defendants' ongoing deliberate indifference to his serious medical needs since the time of that injury. Plaintiff alleges that two years subsequent to suffering the injury, he was finally diagnosed with a foot fracture that had not properly healed and a deteriorating knee in need of replacement. Plaintiff received a knee replacement in 2014 but alleges that he continues to have foot pain as a result of the untreated fracture and related complications.

Importantly, Plaintiff has filed numerous kites and grievances over a period of several years setting forth his claim that he has been consistently denied adequate medical care for the treatment of his foot/knee/leg injury. Grievance ARF-13-09-2586-12d1, on which the Magistrate Judge relied in reaching her conclusion that Plaintiff adequately exhausted his administrative remedies in relation to the claims in his Complaint in this action, is just one of several that Plaintiff has filed, in addition to numerous kites, seeking proper treatment for the same injury and alleged series of follow-on complications.

## II.  STANDARD OF REVIEW

A district court judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U .S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." *Id.* Objections must be timely to be considered. A party who receives notice of the need to timely object yet fails to do so is deemed to waive review of the district court's order adopting the magistrate judge's recommendations. *Mattox v. City of Forest Park,* 183 F.3d 515, 519-20 (6th Cir. 1999). "[A] party *must* file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (emphasis in original).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Specific objections enable the Court to focus on the particular issues in contention. *Howard*, 932 F.2d at 509. Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.* "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings [the objector] believed were in error' are too summary in nature. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

**III.    ANALYSIS**

Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e, Defendants bear the burden of production and persuasion to prove the defense of failure to exhaust administrative remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012). "Where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Defendants must present evidence "so powerful that no reasonable jury would be free to disbelieve it." *Surles*, 678 F.3d 455-56.

The MDOC Defendants object to the Magistrate Judge's Report and Recommendation to deny their motion for summary judgment based on non-exhaustion as to MDOC Defendants Rogers, Ellenwood, Velarde and Korte. Specifically, they put forth two Objections: (1) the Magistrate Judge erred in concluding that the exhaustion rule was waived as to these MDOC Defendants, who were not individually named in the Grievance, because nothing in Grievance ARF-13-09-2586-12d1 would have put these Defendants on notice that they were involved in the issue being grieved; and (2) the Magistrate Judge erred in concluding that Grievance ARF-13-09-2586-12d1 related to the claims in Plaintiff's Complaint because that Grievance does not contain any of the factual allegations that form the basis of the claims in Plaintiff's Complaint against these MDOC Defendants.

The grievance process and exhaustion requirement are designed to give prison officials enough information to investigate an inmate's claims, not to give notice to individuals that a claim has been asserted against them. "We are mindful that the primary purpose of a grievance is to alert

4

prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation." *Martin v. MacLaren*, No. 14-cv-208, 2015 WL 4928937, at * (W.D. Mich. Aug. 13, 2015) (citing *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2006)). "[I[t is sufficient for a court to find that a prisoner's [grievance] gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006) (internal quotation marks and citation omitted) (alterations added). Furthermore, while prison policies requiring an inmate to identify relevant defendants furthers the objectives of the exhaustion requirement, "the equation changes when the State does not enforce its own rules." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010). The Sixth Circuit has repeatedly acknowledged that "[w]hen prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits, so as a general rule will we." *Id*.

The MDOC Defendants do not dispute that Plaintiff exhausted Grievance ARF-13-09-2586-12d1 and received a merits-based decision. Rather, they urge the Court to narrowly interpret the Grievance as an isolated complaint about a single missed steroid injection that involved only a discrete few prison officials and thus to deem the Grievance insufficient to exhaust the broader claims set forth in Plaintiff's Complaint or to put these MDOC Defendants on notice of their alleged involvement. The Court, however, must reject such a narrow interpretation of Grievance ARF-13-09-2586-12d1, because a reasonable juror could conclude that the Grievance encompasses much more conduct than just a single missed steroid injunction. And the MDOC's failure to follow its own procedures to reject the Grievance for vagueness or some other procedural default constitutes

a waiver of the exhaustion defense to Plaintiff's claims in this action. The Court finds that the Magistrate Judge correctly concluded that Defendants have not met their burden here of demonstrating a failure to exhaust.

Here, the MDOC deemed Grievance ARF-13-09-2586-12d1 exhausted on the merits and did not reject the Grievance for lack of specificity or any other procedural failing despite the fact that in it Plaintiff openly grieved the conduct of the entire "health care staff and the Adrian administration." ECF No. 40-3, PgID 323. Indeed the Step II Grievance Appeal Response acknowledges that the Grievance goes well beyond an isolated complaint about a missed steroid injection, summarizing Plaintiff's claim as follows: "I continually am being misdiagnosed. The problem with my foot and knee has worsened and although I saw the Dr., x-rays have already been performed. I am in need of Osteopathic Chronic Care and Surgery to correct my condition." ECF No. 40-3, PgID 322.

In Grievance ARF-13-09-2586-12d1, Plaintiff does complain that he has repeatedly been denied a steroid injection that was ordered. But, additionally, he references previous kites, complains generally that nothing has been done to address his condition, demands to see a doctor specializing in his type of injury and grieves the entire "health care staff and the Adrian administration" for being deliberately indifferent to his pain and suffering. There is no real mystery here as to the basis for the claims set forth in Plaintiff's Complaint and no surprise to the MDOC Defendants as to the nature of the claims. Although a grievance citing only "health care and the Adrian staff" may under other circumstances suffer from vagueness, in this case Plaintiff's express reference to the previous kites, particularly the 8/23/13 kite, and to his longstanding efforts to seek treatment for his condition and demand for surgery, offers sufficient specificity to have put the

MDOC on notice that Plaintiff was grieving the longstanding conduct of the "health care staff and the Adrian administration" in addressing the excruciating pain caused by repeated claimed failures to address his injured "foot, knee and leg." A review of the kites and grievances in evidence in this case indicate that the moving MDOC Defendants are among those who received or responded to a number of Plaintiff's kites. *See, e.g.*, ECF No. 13, Amended Complaint, PgID 143, 144, 147, 164, 166, 175, 179 154. "While the grievance does not specifically name them . . . on the current record, a reasonable jury could find that the grievance gave these Defendants fair notice of the claims against them." *Christian v. Michigan Dep't of Correc. Health Servs.*, No. 12-cv-12936, 2013 WL 5348832, at *15 (E.D. Mich. Sept. 24, 2013).

A reasonable jury could conclude that in Grievance ARF-13-09-2586-12d1, Plaintiff grieves much more than just the failure to administer a single steroid injection and in fact complains about the entire course of conduct by the health care staff in deliberately ignoring Plaintiff's complaints. The MDOC chose not address the vagueness of the larger grievance and has waived the right to assert a failure to exhaust now. This Court "agrees that *Reed-Bey* should not be read to provide a "catch-all" exception for prisoner grievances, but a careful examination of [Plaintiff's Grievance] reveals that he did not simply cite "health services" without any further detail." *Christian*, 2013 WL 5348832, at *5. As in *Christian*, in the context of this case based on Plaintiff's reference to previous kites and to a history of unmet complaints regarding his foot and leg, these MDOC Defendants could reasonably have surmised from a cursory review of the MDOC's own records, that they might be among those about whom Plaintiff sought to complain.

7

### IV. CONCLUSION

The Court concludes that the MDOC Defendants have failed to carry their burden of persuasion and production to demonstrate that Plaintiff failed to exhaust the claims alleged in his Complaint. Accordingly, the Court:

(1) OVERRULES the MDOC Defendants' Objections (ECF No. 47);

(2) ADOPTS the Magistrate Judge's June 2, 2015 Report and Recommendation (ECF No. 46);

(3) DENIES the MDOC Defendants' Motion for Summary Judgment (ECF No. 40).

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: March 28, 2016

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 28, 2016.

s/Deborah Tofil
Case Manager