UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EDWARD COLEN,

    Plaintiff,                          Civil Action No. 14-12948
                                        Honorable Paul D. Borman
v.                                      Magistrate Judge Elizabeth A. Stafford

CORIZON MEDICAL SERVICES, *et al.*

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO DISMISS *SUA SPONTE*
DEFENDANTS AETNA AND VICTOR KACZMER**

    Plaintiff James Edward Colen, a prisoner proceeding *pro se*, brings this action under 42 U.S.C. § 1983, alleging various violations of both his Eighth and Fourteenth Amendment rights during his incarceration at Gus Harrison Correctional Facility (ARF) in Adrian, Michigan.[1] In December 2014, Colen was granted leave to amend his complaint to add AETNA as a defendant, and was later ordered to provide an address for AETNA by September 2, 2015, as his waiver of service was returned unexecuted. [ECF No. 14; ECF No. 56; ECF No. 57]. Colen never provided an address.

---

[1] The Honorable Paul D. Borman referred this matter for report and recommendation on dispositive matters. [ECF No 9; ECF No. 33].

1

Additionally, service for Defendant Victor Kaczmer was never achieved. [ECF No. 52].

If a plaintiff fails to prosecute an action, it can be dismissed either under the Court's inherent power to control its docket or involuntarily under Federal Rule of Civil Procedure 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 629-632, (1962). The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). And this Court's local rules provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing … the case unless good cause is shown." E.D. Mich. LR 41.2. "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629.

The Sixth Circuit has set forth four factors to be used as guidance when determining whether a case should be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b): "(1) whether the party's failure is

due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll*, 176 F.3d at 363.

Here, considerable time has passed with Colen failing to achieve service on either party. Dispositive motions have been filed and decided. As to AETNA, the Court warned Colen that failure to provide an address could result in dismissal. [ECF No. 57]. Because of the considerable delay in Colen achieving service on these two parties, no alternative sanction would protect the integrity of the pretrial process. Under these circumstances, "dismissal is the only appropriate remedy" because Colen "has effectively abandoned the case" with respect to these defendants. *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, *3, 2013 WL 2051326 (E.D. Mich. May 14, 2013). For those reasons, the Court **RECOMMENDS** that this action be **DISMISSED** against AETNA and Victor Kaczmer for failure to prosecute.

                                                  s/Elizabeth A. Stafford_____
                                                  ELIZABETH A. STAFFORD
                                                  United States Magistrate Judge

Dated: February 5, 2019

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 5, 2019.

<u>s/Marlena Williams</u>
MARLENA WILLIAMS
Case Manager